## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Crim. No. 00-20119-03-KHV |
| v. | ) | |
| | ) | |
| HEIDI ALEXANDER, | ) | Civil No. 06-3024-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (Doc. #166) filed January 18, 2006. For reasons stated below, the Court overrules defendant's motion.

### Factual Background

On April 3, 2001, the government filed an information which charged Heidi Alexander with one count of possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1). On April 9, 2001, defendant pled guilty. On November 5, 2001, the Court sentenced defendant to 168 months in prison.[1]

On January 18, 2006, defendant filed a motion to vacate her sentence under 28 U.S.C. § 2255. Defendant's motion alleges that (1) counsel was ineffective at sentencing because she did not object to the

---

[1]     Defendant's base offense level was 32 because the amount of marijuana was at least 1000 kilograms but less than 3000 kilograms. Defendant received a two level enhancement for obstruction of justice, resulting in an adjusted offense level of 34. The Court sustained the government's motion for a four level downward departure for substantial assistance under Section 5K1.1 of the United States Sentencing Guidelines ("U.S.S.G."). Defendant's total offense level of 30, with a criminal history category VI, resulted in a sentencing range of 168 to 210 months.

Court's determination of her criminal history category and the applicable drug quantity, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005); (2) counsel was ineffective in negotiating the plea agreement because it included a waiver of appeal; (3) the United States Sentencing Guidelines are unconstitutional as applied to defendant in light of Apprendi, Booker and Blakely v. Washington, 542 U.S. 296 (2004); and (4) counsel was ineffective in failing to follow up on the government's commitment to file a motion for downward departure based on substantial assistance.[2]

### Analysis

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).  To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice."  Davis v. United States, 417 U.S. 333, 346 (1974).

### I.     Procedural Bar – One Year Statute Of Limitations (Claims 1, 2, 3 and 4)

Section 2255 provides a one-year period of limitation for motions brought under that section.  28 U.S.C. § 2255.  The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

---

[2]        On February 8, 2006, defendant filed a supplemental memorandum in support of her motion to vacate.  See Petitioner's Memorandum In Support Of Review And Correction Of Illegal Sentence (Doc. #168).  The Court has considered the arguments in defendant's brief, but the Court does not construe the memorandum as raising additional claims.  To the extent defendant desires to bring claims beyond her initial Section 2255 motion, she must file a motion for leave to file a second or successive Section 2255 motion.

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Because defendant did not file a direct appeal, her conviction was final on November 19, 2001 – ten days after judgment was entered. Accordingly, her motion (filed January 18, 2006) is not timely under subsection (1). None of the other subsections of Section 2255 permit defendant to raise her claim at this time. The Tenth Circuit has held that neither Blakely nor Booker announced a new rule of constitutional law made retroactive by the Supreme Court on collateral review. United States v. Van Kirk, 2005 WL 1706978, at *1 (10th Cir. July 22, 2005); see United States v. Bellamy, No. 04-5145, 2005 WL 1406176, at *3 (10th Cir. June 16, 2005) (Booker not retroactively applicable to initial habeas petitions); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (Blakely not retroactively applicable to convictions final as of June 24, 2004); see also United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (Apprendi not watershed decision and hence not retroactively applicable to initial habeas petitions). Accordingly, a defendant whose conviction was final when the Supreme Court decided Blakely on June 24, 2004 and Booker on January 12, 2005 cannot obtain relief based on those decisions under Section 2255.[3]

---

[3]     The Court recognizes that one of defendant's claims is that counsel was ineffective in failing to object to the fact that the Court, not a jury, determined her criminal history category and applicable drug quantity. The Tenth Circuit, however, has held that counsel's failure to recognize a potential legal argument does not constitute cause for a procedural default. United States v. Harms, 371 F.3d 1208, 1212 (10th

(continued...)

**II.      Procedural Bar – Waiver Of Collateral Challenges (Claims 1, 2, 3 and 4)**

A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable.  United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998).  The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived her rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.  United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641 at *3 (D. Kan. Nov. 19, 2004).

A.      Scope of the Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.  United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328.  The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when she entered her plea.  United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004).  The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant.  Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

g.      The defendant expressly waives the right to appeal her conviction and/or

---

[3](...continued)
Cir. 2004); see Hopkinson v. Shillinger, 954 F.2d 609, 610 (10th Cir. 1992).

sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742, and the defendant further agrees not to contest her conviction and/or sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255.   The defendant understands and acknowledges that her sentence will be determined and imposed pursuant to the United States Sentencing Guidelines.   The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum established for the offense and expressly waives the right to appeal her sentence, directly or collaterally, on any ground except for: 1) an upward departure by the sentencing judge, 2) a sentence in excess of the statutory maximum, or 3) a sentence in violation of law apart from the Sentencing Guidelines.   However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, United States Code, Section 3742(b), the defendant is released from this waiver and may appeal her sentence as authorized by Title 18, United States Code, Section 3742(a).

Plea Agreement ¶ 2(g).  The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's sentence.  In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."  237 F.3d at 1187.  In this case, defendant's arguments do not challenge the validity of the plea or the waiver, but focus solely on sentencing issues (claims 1, 2 and 4) and whether the plea was a good deal (claim 3).  Accordingly, such claims fall within the scope of the waiver in the plea agreement.  See Cockerham, 237 F.3d at 1187.

    B.    Knowing And Voluntary Nature Of The Plea

        To ascertain whether defendant knowingly and voluntarily waived her rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy.  Hahn, 359 F.3d at 1325.  The Court conducted a thorough inquiry at the plea hearing.  At that time defendant affirmed that

she understood the charge against her, the maximum penalties, the rights she was waiving and the factual basis for her plea. Defendant acknowledged that her plea was free and voluntary, that no one had forced or threatened her to enter it, and that the only reason she was entering a plea of guilty was that she was in fact guilty as charged. Nothing in the record suggests that defendant's plea, or her waiver of post-conviction rights, was unknowing or involuntary. The plea petition reflects that defendant had sufficient time to discuss the matter with her attorney, that she was satisfied with her attorney's representation, and that she had read and understood the plea agreement. In sum, the language of the plea agreement, the plea petition and the Rule 11 colloquy established that defendant's waiver of her rights was knowing and voluntary.

C.      Miscarriage Of Justice

Finally, the Court must "determine whether enforcing the waiver will result in a miscarriage of justice." Hahn, 359 F.3d at 1327. This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice. Anderson, 374 F.3d at 959. Here, defendant does not contend that enforcing the waiver would result in a miscarriage of justice.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above. In particular, defendant received a sentence of 168 months in prison, which is significantly less than the statutory maximum of 40 years. See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir.

- 6 -

2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under Hahn inquiry refers to statute of conviction), cert. denied, 126 S. Ct. 550 (2005). Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings. See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir. 2005) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings). The Court finds that enforcing the waiver will not result in a miscarriage of justice. In sum, defendant's claims are barred by the waiver of collateral challenges in the plea agreement.

### III.    Procedural Bar - Failure To Appeal (Claim 3)

Defendant asserts that the United States Sentencing Guidelines are unconstitutional as applied to her. In particular, she maintains that her sentence was unconstitutional because the Court, not a jury, determined her criminal history and the applicable drug quantity. Such a claim is barred because she failed to raise it on direct appeal. Section 2255 is not available to test the legality of matters which should have been raised on appeal. United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (quoting United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992)). Defendant is precluded from raising in a Section 2255 petition issues which were not raised on direct appeal unless she can show cause for her procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if her claim is not addressed. Allen, 16 F.3d at 378. Defendant has not satisfied any of these exceptions.

To the extent defendant contends that at sentencing and on direct appeal, she could not raise her claims under Blakely and Booker because of a lack of precedent, the Court finds that such an explanation does not constitute "cause" for her procedural default. The Court substantially agrees with the reasoning

- 7 -

of the Seventh Circuit with respect to a similar claim under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000):

> . . . the lack of precedent for a position differs from "cause" for failing to make a legal argument.  Indeed, even when the law is against a contention, a litigant must make the argument to preserve it for later consideration.  <u>See</u> <u>Bousley v. United States</u>, 523 U.S. 614, 622-24 (1998); <u>Engle [v. Isaac]</u>, 456 U.S. [107,] 130 n.35 [(1982)] (that a legal argument would have been unpersuasive to a given court does not constitute "cause" for failing to present that argument).  "Cause" means some impediment, and Smith does not contend that any outside force impeded his legal defense in 1992.  (Nor does he contend that counsel was ineffective for failure to anticipate <u>Apprendi</u>; no such argument would be tenable.)  The lack of any reasonable legal basis for a claim may constitute "cause," <u>see</u> <u>Reed v. Ross</u>, 468 U.S. 1, 16 (1984), but the foundation for <u>Apprendi</u> was laid long before 1992.  Other defendants had been making <u>Apprendi</u>-like arguments ever since the Sentencing Guidelines came into being, and in <u>McMillan v. Pennsylvania</u>, 477 U.S. 79 (1986), the Court addressed on the merits an argument along similar lines.  Smith could have invoked the themes in <u>McMillan</u>, and for that matter <u>In re Winship</u>, 397 U.S. 358 (1970), just as the Justices themselves did in <u>Apprendi</u>.  <u>See</u> <u>Garrott v. United States</u>, No. 99-2921, [238 F.3d 903] (7th Cir. Jan. 30, 2001).  Thus Smith has not established cause; and for the same reason that he could not show plain error (if that were the right standard) he cannot show prejudice either.

<u>United States v. Smith</u>, 241 F.3d 546, 548-49 (7th Cir. 2001); <u>see</u> <u>McCoy v. United States</u>, 266 F.3d 1245, 1258-59 (11th Cir. 2001), <u>cert. denied</u>, 536 U.S. 906 (2002); <u>United States v. Sanders</u>, 247 F.3d 139, 145-46 (4th Cir.), <u>cert. denied</u>, 534 U.S. 1032 (2001).  Likewise, the Tenth Circuit has held that counsel's failure to recognize a potential legal argument does not constitute cause for a procedural default.  <u>Harms</u>, 371 F.3d at 1212; <u>see</u> <u>Hopkinson</u>, 954 F.2d at 610.

Defendant also has not demonstrated "prejudice," <u>i.e.</u> that the alleged errors worked to her actual and substantial disadvantage, infecting her entire sentence with error of constitutional dimensions.  <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).  Defendant has not alleged or shown that failure to let a jury decide the applicable drug quantity or her criminal history worked to her actual and substantial disadvantage.

Finally, defendant has not satisfied the exception for a "fundamental miscarriage of justice." The Supreme Court has held that this exception applies only if one is actually innocent. See Bousley, 523 U.S. at 623. Initially, the Court doubts that the actual innocence exception can be applied to noncapital sentences. See United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993); see also United States v. Glover, 156 F.3d 1244, 1998 WL 476779, at *2 (10th Cir. Aug. 11, 1998) (claim that defendant in noncapital case should have received lesser sentence does not constitute claim that he is actually innocent or did not commit crime). But cf. Selsor v. Kaiser, 22 F.3d 1029, 1036 (10th Cir. 1994) (actual innocence exception might apply where petitioner shows actual innocence of sentencing element that was not required for proof of underlying conviction). In any event, defendant has not shown that she is actually innocent of the elements which form the bases for the sentence enhancements. Defendant has not shown that no reasonable jury would have reached the same conclusions as the sentencing judge. Therefore, she cannot establish that failure to review her claim would result in a fundamental miscarriage of justice.

Based on this procedural bar, defendant's argument that the United States Sentencing Guidelines are unconstitutional as applied is overruled.

## IV.      Substantive Merit Of Defendant's Petition

In addition to the procedural bars discussed above, defendant's arguments lack substantive merit.

A.      Claim 1 - Ineffective Assistance - Failing To Object To Criminal History Category
Claim 3 - Challenge To Constitutionality Of Sentencing Guidelines

Even under Blakely and Booker, the Court can determine a defendant's criminal history category. In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court created an explicit exception to Apprendi and its progeny by allowing a judge to determine a fact of prior conviction without

violating a defendant's Sixth Amendment rights.  United States v. Taylor, 413 F.3d 1146, 1158 n.5 (10th Cir. 2005).  In Almendarez-Torres, the Supreme Court held that because recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence," 523 U.S. at 243, and "as typical a sentencing factor as one might imagine," 523 U.S. at 230, the Constitution does not require the government to charge or prove to a jury either the existence of prior convictions or certain facts related to those convictions such as their classification as "violent felonies."  United States v. Moore, 401 F.3d 1220, 1221 (10th Cir. 2005); see United States v. Pineda-Rodriguez, 133 Fed. Appx. 455, 457-58 (10th Cir. May 4, 2005).

For purposes of Apprendi, Blakely and Booker, a district court's determination of the "fact of a prior conviction" implicitly entails many subsidiary findings.  Pineda-Rodriguez, 133 Fed. Appx. at 458 (citing United States v. Santiago, 268 F.3d 151, 156 (2d Cir. 2001), cert. denied, 535 U.S. 1070 (2002)).  The Tenth Circuit has noted:

> [A]mong those "subsidiary findings" are such things as the duration of a term of court supervision following a prior conviction, or the date the defendant was released from custody following a prior conviction.  Like the "fact" of a conviction itself, those ancillary "facts" are merely aspects of the defendant's recidivist potential, they are easily verified, and their application for purposes of enhancing a sentence under USSG § 4A1.1 requires nothing more than official records, a calendar, and the most self-evident mathematical computation.

Pineda-Rodriguez, 133 Fed. Appx. at 458; see United States v. Corchado, 427 F.3d 815, 820 (10th Cir. 2005) (following Pineda-Rodriguez holding).  Under Almendarez-Torres, a district court can make findings with respect to a defendant's criminal history, be they findings as to the fact of the prior convictions or the nature of those convictions.  United States v. Williams, 410 F.3d 397, 402 (7th Cir. 2005); see Pineda-Rodriguez, 133 Fed. Appx. at 458-59.

Booker does mandate that the Sentencing Guidelines are advisory in nature, but defendant cites no reason why she would not have received the same sentence if the Court had treated the guidelines as advisory. As to the drug quantity attributed to defendant, the Court noted at sentencing that the amounts in the Presentence Investigation Report were conservative. A jury likely would have reached the same conclusion on drug quantity, i.e. that the amount of marijuana was at least 1000 kilograms but less than 3000 kilograms. In addition, the Court notes that in the plea agreement, defendant agreed to have her sentence calculated under the Sentencing Guidelines.

Finally, defendant has not alleged facts which would suggest that counsel's performance on this issue was deficient or prejudicial. The Tenth Circuit has held that counsel's failure to anticipate Blakely and Booker, based on the earlier Apprendi decision, is not objectively unreasonable. See United States v. Carew, No. 05-3059, 2005 WL 1526136 (10th Cir. June 29, 2005); see also United States v. Gonzalez-Huerta, 403 F.3d 727, 750 (10th Cir.) (Briscoe, J. concurring and dissenting) (no one could have predicted sea-change in federal sentencing wrought by Booker), cert. denied, 126 S. Ct. 495 (2005); cf. Harms, 371 F.3d at 1212 (counsel's failure to recognize potential legal argument not cause for procedural default). Even if counsel's performance was deficient, defendant has not shown that she suffered any prejudice.

B.    Claim 2 – Ineffective Assistance – Waiver Of Appeal

As to defendant's claim that counsel negotiated a plea agreement that included a waiver of appeal, the Court notes that (1) in this district, waivers of appeal are standard in plea agreements and (2) defendant received a significant reduction in the guideline minimum (from 262 months down to 168 months) because

the government filed a downward departure motion pursuant to the plea agreement.[4]   Defendant has not alleged facts which would suggest that counsel's performance on this issue was deficient or prejudicial.

      C.   Claim 4 – Ineffective Assistance – Failure To Insist On Downward Departure

As to defendant's claim that counsel did not follow up on the government's commitment to file a motion for downward departure, the Court notes that the government did file such a motion.  Defendant received a four level reduction which reduced her sentencing range from 262 to 327 months to 168 to 210 months.  In addition, after sentencing, defense counsel asked the government about a further reduction under Rule 35, Fed. R. Crim. P.  The government responded that defendant had not provided post-sentencing information or assistance which would justify such a motion.  See Exhibit B to Petitioner's Memorandum In Support Of Review And Correction Of Illegal Sentence (Doc. #168).  Defendant has not alleged facts which would suggest that counsel's performance on this issue was deficient or prejudicial.

## V.    Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief.  Accordingly, no evidentiary hearing is required.  See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record).[5]

---

[4]    In the plea agreement, the government also agreed to recommend the low end of the applicable guideline range and to recommend a reduction for acceptance of responsibility.  The plea agreement is not so one-sided as to suggest that defense counsel was ineffective by agreeing to a waiver of appeal rights.

[5]    The Court commends defendant's participation and apparent success in many prison programs.  Rehabilitation, however, is not a recognized ground for the Court to re-sentence defendant.  A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c).

**IT IS THEREFORE ORDERED** that defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate,</u>

<u>Set Aside Or Correct Sentence By A Person In Federal Custody</u> (Doc. #166) filed January 18, 2006 be

and hereby is **OVERRULED**.

Dated this 22nd day of February, 2006, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge